# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| VISION QUEST INDUSTRIES, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut stock insurance company, and DOES 1 through 10,<br><br>　　　　　Defendants.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut stock insurance company,<br><br>　　　　　Counter-Claimant,<br><br>vs.<br><br>VISION QUEST INDUSTRIES, INC., a California corporation, and DOES 1 through 10, inclusive,<br><br>　　　　　Counter-Defendant. | **Case No.: SACV 07-512 JVS (ANx)**<br><br>**JUDGMENT** |

1  This action came on for hearing before the Court on March 24, 2008 at 1:30 p.m. in Courtroom 10C, the Honorable James V. Selna, District Judge presiding, on Defendant and Counter-Claimant Travelers Casualty and Surety Company of America's ("Travelers") Motion for Summary Judgment, or in the alternative, Motion for Partial Summary Judgment.  After full consideration of the authorities submitted by counsel, counsel's briefing and oral argument, and all evidence presented, the issues having been duly heard and the motion having been granted,

IT IS ORDERED, DECLARED AND ADJUDGED as follows:

(1)  The Court declares that Section XIII.A.1 of Private Company Directors and Officers Liability PLUS+ Policy No. 103890839, issued by Travelers to Vision Quest Industries, Inc. for the Policy Period October 31, 2005 to October 31, 2006 (the "Policy"), imposes a requirement that Claims be reported to Travelers no later than 60-days after the expiration of the Policy, and that such reporting requirement is an enforceable condition precedent to the coverage afforded under the Policy.

(2)  The Court further declares that coverage is not afforded under the Policy for the lawsuit captioned *Lytle Medical Technologies, Inc. v. Scott D. Sample, et al.*, Case No. 06-074814-CK (Circuit Court, County of Oakland, Michigan) (the "Underlying Action"), by reason of the Plaintiff's failure to report the Underlying Action to Travelers within 60-days of the Policy's expiration.  The Court finds no equitable grounds to excuse enforcement of this condition precedent.

(3)  The Court further declares that because Travelers did not breach the insurance contract in denying coverage for the Underlying Action, and no benefits are due under the Policy in connection with the Underlying Action, Plaintiff cannot state a claim against Travelers for bad faith or breach of the implied covenant of good faith and fair dealing.

(4)  Plaintiff takes nothing on its Complaint against Travelers, and the Complaint against Travelers is dismissed on the merits.

(5) Travelers' Counterclaim against Plaintiff is dismissed without prejudice as moot.

(6) Travelers shall recover its costs from Plaintiff.

ENTERED this 14th day of April, 2008.

_____
Honorable James V. Selna
United States District Judge

Submitted by:

ROSS, DIXON & BELL, LLP
Terrence R. McInnis  (#155416)
   tmcinnis@rdblaw.com
Erik M. Pritchard (#244622)
   epritchard@rdblaw.com
Paul K. Song  (# 211183)
   psong@rdblaw.com
5 Park Plaza, Suite 1200
Irvine, California 92614
Telephone:  (949) 622-2700
Facsimile:   (949) 622-2739


By:_____
   Terrence R. McInnis

*Attorneys for Defendant/Counter-Claimant Travelers Casualty and Surety Company of America*